# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES YATES, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-00551 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION TO REMAND BE DENIED.<br><br>(Doc. 4)<br><br>OBJECTIONS, IF ANY, DUE IN 20 DAYS |

      This is a civil action filed by plaintiff Hanif Salahuddin Abdullah ("plaintiff"), a state prisoner proceeding pro. The action was removed from the Fresno County Superior Court to this Court by defendant Yates on April 17, 2008. Plaintiff filed a motion to remand on May 19, 2008. (Doc. 19).

      Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[1] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

1

1  Cir. 1992). Courts "must consider whether federal jurisdiction exists, even if no objection is made
2  to removal, and even if both parties stipulate to federal jurisdiction." <u>Rains v. Criterion Systems,</u>
3  <u>Inc.</u>, 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

4        In their notice of removal, defendants contend that plaintiff has alleged a violation of his First
5  Amendment right of access to the courts, and also state law rights "The presence or absence of
6  federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that
7  federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's
8  properly pleaded complaint." <u>Caterpillar, Inc., v. Williams</u>, 482 U.S. 386, 392 (1987) (internal
9  quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she
10 may avoid federal jurisdiction by exclusive reliance on state law." <u>Id</u>.

11       Defendant's contention that this action arises under federal law is supported by a review of
12 plaintiff's complaint. <u>Libhart v. Santa Monica Dairy Co.</u>, 592 F.2d 1062, 1065 (9th Cir. 1979)
13 (existence of federal jurisdiction determined by the complaint at the time of removal). Plaintiff has
14 alleged both state and federal claims in his complaint; plaintiff states in his motion to remand that
15 his state law claims predominate and that this Court has concurrent jurisdiction.

16       Accordingly, this Court HEREBY RECOMMENDS that plaintiff's motion to remand be
17 DENIED. These Findings and Recommendations will be submitted to the United States District
18 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty**
19 **(20)** days after being served with these Findings and Recommendations, the parties may file written
20 objections with the court. The document should be captioned "Objections to Magistrate Judge's
21 Findings and Recommendations." The parties are advised that failure to file objections within the
22 specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d
23 1153 (9th Cir. 1991).

24   IT IS SO ORDERED.

25   **Dated:   October 30, 2008**               **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE